IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NATHANIEL LUKE CRISWELL,       *
                               *
     Plaintiff,                *
                               *
     v.                        *     CV 421-314
                               *
CORRECTIONAL HEALTH, CHATHAM   *
COUNTY DETENTION CENTER, and   *
SHERIFF JOHN WILCHER           *
                               *
     Defendants.               *

O R D E R

Plaintiff filed this lawsuit while incarcerated at the Chatham County Detention Center. (Compl., Doc. No. 1, at 11.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such

relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's Complaint is dismissed as frivolous.

## I.   BACKGROUND

Plaintiff's Complaint alleges that on the evening of January 16 or early morning hours of January 17, 2021, he was booked into the Chatham County Detention Center, where he was questioned by a nurse. (Doc. 1, at 6.) The nurse asked him questions about his night, such as where he had been and with whom, but Plaintiff told the nurse that he did not wish to answer because the arresting officer was present, and Plaintiff feared incriminating himself. Because of his refusal to answer, Plaintiff was placed on suicide watch, even though Plaintiff told the nurse he had no intention of self-harm. (Id.) Upon being placed on suicide watch, Plaintiff's clothing was stripped. He was left naked in front of a camera in his cell, which he says humiliated him. (Id. at 5.) When he refused to stand and walk to processing, he was pepper sprayed while lying on the floor in the fetal position. (Id. at 13.) He was taken to a cell after being processed and was not allowed to shower until his suicide watch ended, several days later. (Id.) He insists that the suicide watch cell was unnecessary as he stated no intention of self-harm but was rather a measure taken in

response to the nurse's personal vendetta due to his refusal to answer questions in front of the arresting officer.

Plaintiff alleges that the foregoing events violated his Fifth Amendment Rights, constituted negligence and cruel and unusual punishment, and caused him pain and suffering. (Id.) However, Plaintiff also admitted that he did not file a grievance, stating:

> I feel that if I were to have put in a grievance that my physical evidence (camera footage, discharge reports on mace used) would become "misplaced" so I opted to bring it to a higher court so something could be done without malice interference from the facility.

(Id. at 4, 11, 19.)

## II. DISCUSSION

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 215 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). The PLRA's mandatory exhaustion requirement "applies to all

3

prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Thus, Plaintiff may not simply "opt" to bypass the grievance process.

The PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process before initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see

4

also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Here, Plaintiff acknowledges the existence of a grievance procedure at the Chatham County Detention Center. However, it is clear from the face of the Complaint that Plaintiff did not exhaust his administrative remedies prior to filing this suit – he states that he never submitted a grievance at all. Moreover, he states no facts that the procedure was made unavailable to him for any reason and fails to support his explanation that physical evidence would be destroyed. He merely makes the assumption based on unsupported suspicions. Therefore, Plaintiff's claims must be dismissed.

### III. CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___5th___ day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE